

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
FAX: (304) 3

Mailing Address
Post Office Box 1713
Charleston, WV 25326-1713
304-345-2200
1-800-659-8726

FILED
JUN - 6 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

June 2, 2009

William C. Forbes, Esquire
1118 Kanawha Boulevard, East
Charleston, WV 25301

Re: United States v. Matthew A. Leavitt

Dear Mr. Forbes:

This will confirm our conversations with regard to your client, Matthew A. Leavitt (hereinafter "Mr. Leavitt"). As a result of these conversations, it is agreed by and between the United States and Mr. Leavitt as follows:

1. **CHARGING AGREEMENT.** The United States will file a two-count information in the United States District Court for the Southern District of West Virginia charging Mr. Leavitt with two counts of deprivation of rights under color of law, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Leavitt will plead guilty to two violations of 18 U.S.C. § 242 (deprivation of rights under color of law) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Leavitt will be exposed by virtue of this guilty plea is as follows:

COUNT ONE (18 U.S.C. § 242):

(a) Imprisonment for a period of one year;

(b) A fine of $100,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

MAL
_____
Defendant's
initials

    (c)   A term of supervised release of one year;

    (d)   A mandatory special assessment of $25.00 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664.

COUNT TWO (18 U.S.C. § 242):

    (a)   Imprisonment for a period of one year;

    (b)   A fine of $100,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of one year;

    (d)   A mandatory special assessment of $25.00 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664.

TOTAL MAXIMUM:

    (a)   Imprisonment for a period of two years;

    (b)   A fine of $200,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of two years;

    (d)   A mandatory special assessment of $50.00 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664.


Defendant's initials

4. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Leavitt will tender a check or money order to the Clerk of the United States District Court for $50.00, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Leavitt will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Leavitt fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Leavitt.

5. **RESTITUTION.** Mr. Leavitt agrees that he owes restitution to the victims of his crimes as provided in 18 U.S.C. § 3663A and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Leavitt further agrees as follows:

(a) Mr. Leavitt agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Leavitt will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the sentencing.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Leavitt agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Leavitt further agrees not to object to the



Defendant's
initials

District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

   7. **COOPERATION.** Mr. Leavitt will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Leavitt may have counsel present except when appearing before a grand jury.

   8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Leavitt, nothing contained in any statement or testimony provided by Mr. Leavitt pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Leavitt, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

   9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Leavitt for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Leavitt for perjury or false statement if such a situation should occur pursuant to this agreement.

   10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Leavitt stipulate and agree that the facts comprising the offenses of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

   Mr. Leavitt agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Leavitt, and he is subsequently tried on any of the charges in the information, the United States may use and introduce the

_MAL_
Defendant's
initials

"Stipulation of Facts" in the United States case-in-chief, in cross-examination of Mr. Leavitt or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Leavitt or on his behalf. Mr. Leavitt knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Leavitt understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Leavitt is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed by the District Court. Nonetheless, Mr. Leavitt knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment, fine or order of restitution imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is at or below the maximum prescribed by statute, as set forth in paragraph 3 above.

Mr. Leavitt also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Leavitt knowingly and voluntarily waives all rights, whether asserted directly or by



Defendant's
initials

a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **LICENSE REVOCATION.** Mr. Leavitt agrees to surrender his West Virginia Law Enforcement Officer's Certification to the West Virginia Governor's Committee on Crime Delinquency and Corrections upon entry of his plea of guilty.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Leavitt;

(f) Advise the Court concerning the nature and extent of Mr. Leavitt's cooperation; and

(g) Address the Court regarding the issue of Mr. Leavitt's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Leavitt violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.


Defendant's initials

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Leavitt in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Leavitt in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:


CHARLES T. MILLER
United States Attorney

CTM/rj

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _June 4th, 2009_
MATTHEW A. LEAVITT                        Date Signed
Defendant

_____          _____
WILLIAM C. FORBES                         Date Signed
Counsel for Defendant


MAL
Defendant's initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. _____
                                        18 U.S.C. § 242

MATTHEW A. LEAVITT

I N F O R M A T I O N

The United States Attorney Charges:

COUNT ONE

On or about September 26, 2008, in the City of Montgomery, West Virginia, and within the Southern District of West Virginia, defendant MATTHEW A. LEAVITT, then an officer with the Montgomery, West Virginia Police Department, while acting under color of the laws of the State of West Virginia, did willfully and unlawfully arrest and hold in custody Lauren Santella-Reynolds on a charge of driving under the influence of alcohol or a controlled substance, in violation of West Virginia Code, Chapter 17c, Article 5, Section 2, without probable cause to believe Lauren Santella-Reynolds had committed the crime of driving under the influence of alcohol or controlled substance, and did thereby willfully deprive Lauren Santella- Reynolds of the rights secured and protected by the Constitution of the United States not to be deprived of liberty without due process of law, which includes the right to be free

PLEA AGREEMENT EXHIBIT A

from arrest and seizure without probable cause by one acting under color of law, all in violation of Title 18, United States Code, Section 242.

## COUNT TWO

On or about September 26, 2008, in the City of Montgomery, West Virginia, and within the Southern District of West Virginia, defendant MATTHEW A. LEAVITT, then an officer with the Montgomery, West Virginia Police Department, while acting under color of the laws of the State of West Virginia, did knowingly and unlawfully strike Twan D. Reynolds with a weapon commonly known as a "slap jack," and did thereby willfully deprive Twan D. Reynolds of the rights secured and protected by the Constitution of the United States to be free from the use of unreasonable force by one acting under color of law, in violation of Title 18, United States Code, Section 242.

UNITED STATES OF AMERICA


CHARLES T. MILLER
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. _____

**MATTHEW A. LEAVITT**

### STIPULATION OF FACTS

The United States and Matthew A. Leavitt stipulate and agree that the facts comprising the offense set forth in the Information and the relevant conduct for that offense include the following facts.

The United States and Matthew A. Leavitt also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this case proceeded to indictment and trial.

On or about September 26, 2008, in the City of Montgomery, West Virginia, defendant MATTHEW A. LEAVITT was working as a uniformed police officer for the City of Montgomery acting under color of the laws of the State of West Virginia. During the course of arresting Twan D. Reynolds, defendant MATTHEW A. LEAVITT knowingly and intentionally struck Twan D. Reynolds with a weapon commonly referred to as a "slap jack," not an authorized piece of law enforcement equipment. In striking Twan D. Reynolds with a

**PLEA AGREEMENT EXHIBIT B**

"slap jack," defendant MATTHEW A. LEAVITT used excessive force and willfully deprived Twan D. Reynolds of the rights secured and protected by the Constitution of the United States to be free from unreasonable force by one acting under color of law.

On or about September 26, 2008, defendant MATTHEW A. LEAVITT, a uniformed police officer for the City of Montgomery, West Virginia, acting under color of the laws of the State of West Virginia, without probable cause arrested and held in custody Lauren Santella-Reynolds on a charge of driving under the influence of alcohol or controlled substances, in violation of West Virginia Code, Chapter 17c, Article 5, Section 2, thereby willfully depriving her of the right secured and protected by the Constitution of the United States to be free from unreasonable arrest and seizure.

Stipulated and agreed to:

_____  June 4th, 2009
MATTHEW A. LEAVITT            Date
Defendant

_____  June 4, 2009
WILLIAM C. FORBES             Date
Counsel for Defendant

_____  June 17, 2009
CHARLES T. MILLER             Date
United States Attorney

2