# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) DOCKET NO. 2:09CR-00150-01 |
| | ) |
| MATTHEW A. LEAVITT, <br>     DEFENDANT. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

I. Nature and Circumstances of the Offense and the
   History and Characteristics of the Offender

The Defendant adopts the stipulation of facts prepared by the Government for the factual basis for this memorandum.

The Defendant is before the Court for sentencing upon his plea of guilty to two counts of Deprivation of Rights Under Color of Law, 18 U.S.C. § 242, a class A misdemeanor. The maximum sentence to which the Defendant is subject upon these charges is 2 years of incarceration.

While this Court has authority to impose incarceration, the personal history of the Defendant, as well as salient case law, justify a finding that Mr. Leavitt should be placed on probation supervision under such terms and conditions as this Court believes to be appropriate.

Mr. Leavitt admits the misconduct that lead to the criminal charges as contained in the stipulations of facts, but denies any racially derogatory slurs. Furthermore, Defendant Leavitt categorically denies pepper spraying a latex

glove and smearing it on Mr. Reynolds and forcing Mrs. Reynolds up against the wall and licking her neck.

The Defendant has agreed to relinquish his certification as a law enforcement officer, an action that clearly shows a willingness to accept the consequences of his actions. Therefore, the Defendant should not be denied credit for acceptance of responsibility.

While Mr. Leavitt has accepted responsibility for his actions by entry of the plea and acceptance of the facts as stipulated, he has steadfastly denied much of the ancillary, collateral and inflammatory allegations put forth by the victims. It should be noted that Officer Hutchinson passed his polygraph test as to the alleged actions. Furthermore, the paramedics obviously did not support the victim's version of some of the inflammatory allegations. See Government's Memorandum footnote #6.

The Defendant believes that a sentence of less than the maximum statutory guideline range, in this case 24 months, would serve the interests of justice. See Gall v. United States, 522 U.S. 38 (2007).

The Defendant, by surrendering his law enforcement license, cannot return to the type of behavior that lead to these charges nor is it likely that he is a danger to society.

In Koon v. U.S., 518 U.S. 81, 116 S. Ct. 2035, 135 L.Ed. 2d 392 (1996), the United States Supreme Court affirmed "a downward departure on the ground that the police officers who were convicted of beating Rodney King would be unusually susceptible to abuse in prison." Although the Defendant's

case is not as notorious as the Rodney King incident underlying <u>Koon,</u> he would nonetheless be subject to victimization in the prison population by virtue of his former occupation.

### (B) History and Characteristics of the Offender

The Defendant has been a police officer in various jurisdictions, from March of 2004 until April of 2009. The Defendant has honorably served the United States of America in the United States Army and for the past nine years has been honorably enrolled in the Army National Guard having served time in Iraq. While actions to remove the Defendant from the National Guard have been entertained, the Defendant believes that should he not be incarcerated on these charges that he could remain in the National Guard.

Prior to this case, the Defendant has never been convicted of any crime. He served in the United States Army and the National Guard prior to his career in law enforcement. He is the father of two children, both of whom rely upon him for financial support.

## II. <u>Statutory Objectives</u>

### (A) To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

The Government would have Mr. Leavitt sentenced to the statutory maximum of two years in order to reflect the statutory objectives. The Government makes a highly emotional recitation of Defendant's conduct the night this happened. The Defendant does not wish to diminish the seriousness

of his conduct that night. However, the ultimate question for the Court is whether or not a sentence of incarceration is the only remedy that would effect the statutory objectives. While the victims allegedly suffered a multitude of injuries during this may lay, they have filed civil suits against the City of Montgomery and the Defendant which hopefully protect and renumerate them for their suffering. While the United States Government apparently believes that a sentence to the statutory maximum would promote respect for the law, the Defendant would submit that a penalty that does not include incarceration could be fashioned which would protect these interests. Probation with home confinement and a requirement of community service of some length would not lessen the people's respect for the law and in light of the factors as outlined in Koon, *supra*, would provide just and safe punishment. Moreover, as Mr. Leavitt has no prior history of criminal offenses and has served his country in the armed forces he would be an extremely suitable candidate for a period of probation or home confinement during which time the Court would have the ability to supervise his progress towards living a life free of the types of conduct that have lead him to be before the Court in this case. Additionally, there would be a watchful eye held over Mr. Leavitt through which the Court could ensure that he follow the laws of our society.

Ultimately, the Court is faced with a choice between punishing this man in a way that may do very little to aid in his becoming a more responsible and upstanding citizen, and punishing him in a way that at the same time has the potential for rehabilitation to aid in his recovery and help him become a

member of our community that can be an asset, i.e. through supervised release on probation or home incarceration during which he can work and be an economic benefit in our community instead of simply another drain on the prison system's budget. Either way Matthew Leavitt will eventually be released, however, if allowed an alternative sentence including either Home Confinement and/or probation, he has the opportunity to prove to the Court, himself, his family and friends that he can be a decent law abiding person working in our society. He would, under one of these alternative sentencing options have the ability to work throughout his sentence and be in a better position to begin to turn his life around, a proposition which would benefit not only himself and his family but also society as a whole. Moreover, Mr. Leavitt, if placed on an alternative sentence would continually be reminded that any error or relapse on his behalf would result in his return to incarceration, thus dangling the carrot in front of him to keep him on the straight and narrow path. Essentially, this Court is faced with the opportunity to help save this man, and guide him into becoming a better citizen and in the process help to save society as a whole. This would be a benefit both to Mr. Leavitt and to the community as it would allow serious supervision of Mr. Leavitt as he moves forward with his life but also would send the message that actions such as these will not be tolerated. Essentially this would allow for monitored release that would reintegrate Mr. Leavitt into the community but in such a way that would ensure that he not offend the laws of the community and that he be held accountable for his actions. Such an alternative sentence would punish

Mr. Leavitt in a way that has the ability to see him become a more productive member of society but not in a way that would simply lock him away for two years releasing him without the same types of rigorous supervision that would help guide him into being a better citizen.

Mr. Leavitt has pled guilty and accepted responsibility for the actions the Government believed sufficiently protected the interests of society and the United States of America. Now, they would have the Court sentence Mr. Leavitt on a plethora of allegations including innuendo, half truths and hearsay. The presentence investigation report reflects a multitude of alleged actions which the Defendant cannot challenge. While this attempt to inflame the Court with extraneous allegations may now achieve the Government's ends, they certainly do not increase a person's respect for the law.

In consideration of the foregoing factors, the Defendant asks the Court to impose probation supervision in lieu of incarceration.

**MATTHEW A. LEAVITT**
**By Counsel**

By: /s/William C. Forbes,
William C. Forbes (W. Va. Bar #1238)
*Counsel for Defendant Matthew A. Leavitt*
1118 Kanawha Blvd., East
Charleston, WV 25301
(304) 343-4050
(304) 343-7450

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
**Plaintiff,**

V.                      CASE NO. 2:09-CR-00150-01

**MATTHEW A. LEAVITT,**
**Defendant.**

## CERTIFICATE OF SERVICE

I, William C. Forbes, do hereby certify that a true copy of the foregoing **"DEFENDANT'S SENTENCING MEMORANDUM"** has been electronically filed on this the 15th day of October, 2009, and service has been made by virtue of such electronic filing upon:

Charles T. Miller, Esquire
United States Attorney for
 the Southern District of West Virginia
300 Virginia Street, East, Suite 4000
Charleston, WV 25301

By:  <u>/s/William C. Forbes,</u>
      William C. Forbes (W. Va. Bar #1238)
      *Counsel for Defendant Samuel Matthew Leavitt*
      1118 Kanawha Boulevard, East
      Charleston, WV 25301
      (304) 343-4050
      (304) 343-7450